# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>  Plaintiff,<br><br>  v.<br><br>PORTERVILLE POLICE DEPARTMENT,<br><br>  Defendant. | Case No. 1:24-cv-00564-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Pastor Isabel Vela ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action on May 13, 2024, against the Porterville Police Department for violation of the Freedom of Information Act. The complaint is now before this Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

## SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

1

1  2000) (section 1915(e) applies to all *in forma pauperis* complaints).

2      A complaint must contain "a short and plain statement of the claim showing that the
3  pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
5  conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009)
6  (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)).  "Vague and
7  conclusory allegations of official participation in civil rights violations are not sufficient …."
8  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

9      Courts are to liberally construe documents filed *pro se*, and "a *pro se* complaint, however
10 inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
11 lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Wilhelm v.
12 Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in
13 civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the
14 benefit of any doubt." (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010))).  Nonetheless,
15 while factual allegations are accepted as true, legal conclusions are not.  Twombly, 550 U.S. at
16 555.  Leave to amend may be granted to the extent that the deficiencies of the complaint can be
17 cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

18     **II.**

19     **SUMMARY OF COMPLAINT ALLEGATIONS**

20     The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte*
21 screening requirement under 28 U.S.C. § 1915.

22     Plaintiff requests the Court's support in obtaining warrants and affidavits for warrants that
23 Plaintiff requested from the Porterville Police Department ("PPD") under the Freedom of
24 Information Act ("FOIA") in November 2023.  (ECF No. 1 at 7-8.)  Plaintiff alleges the PPD
25 confirmed a search warrant was present but failed to produce it.  (Id.)  Plaintiff attaches various
26 documents including her November 17, 2023 request to the PPD; letters dated in 2019 from the
27 Superior Court, County of Tulare, stating no warrants were filed between August 10 and 17,
28 2015; a April 19, 2019 response from PPD to a FOIA request from an individual named Hector

Gonzales and represents a search warrant pertaining to a Defendant other than Mr. Gonzalez exists; and a December 19, 2023 letter from PPD asking Plaintiff for addition time to review her November 2023 records request. (Id. at 16-28.) Plaintiff requests that the Court order PPD to fully comply with the FOIA request and release any warrants in PPD's possession. (Id. at 13-14)

### III.

### DISCUSSION

#### A.    Plaintiff Fails to State a Cognizable Federal Claim

Plaintiff alleges the following federal statutes are at issue: 18 U.S.C. § 3102, FOIA, and 5 U.S.C. § 552. First, 18 U.S.C. § 3102 merely authorizes certain courts to issue search warrants under Rule 41(a) of the Federal Rules of Criminal Procedure. It appears Plaintiff cites section 3102 to establish Tulare County had jurisdiction to issue a search warrant. Because Section 3102 does not create a private right of action, Plaintiff fails to state a cognizable claim.

Plaintiff primarily alleges a cause of action against PPD for violation of the FOIA, which is codified at 5 U.S.C. § 552(a). The FOIA is a federal law that gives individuals a judicially-enforceable right of access to government agency documents. Lion Raisins v U.S. Dept. of Agriculture, 354 F.3d 1072, 1079 (9th Cir. 2004). However, "agency" is defined to include "each authority of the Government of the United States." 5 U.S.C. § 551(1). Thus, the FOIA is limited to *federal* government agencies. Kerr v. U.S. Dist. Ct. for N. Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976); see also Provost v. City of Sanger, No. 114-CV-001329-AWI-SKO, 2014 WL 5485902, at *2 (E.D. Cal. Oct. 29, 2014), report and recommendation adopted, No. 114CV01329AWISKO, 2015 WL 12681671 (E.D. Cal. Jan. 7, 2015) ("Put simply, the FOIA applies only to agencies of the United States—it is not applicable to state agencies like the City of Sanger"); St. Michael's Convalescent Hosp. v. State of California, 643 F.2d 1369, 1373 (9th Cir. 1981) (federal FOIA does not encompass state agencies or bodies).

PPD is not a federal government agency and therefore Plaintiff fails to state a claim under FOIA. The Court notes Plaintiff has previously filed a complaint alleging substantially similar FOIA claims against the PPD, wherein she also included copies of the same documents she

attaches to the complaint in this action.  See Vela v. City of Porterville, No. 120CV01151AWIEPG, 2020 WL 5878351, at *1 (E.D. Cal. Oct. 2, 2020), report and recommendation adopted, No. 120CV01151AWIEPG, 2020 WL 6561362 (E.D. Cal. Nov. 9, 2020).  Irrespective of Plaintiff's renewed FOIA requests to PPD, she cannot state a cognizable claim against PPD for violation of the FOIA.

### B.   The Court Lacks Jurisdiction Over Plaintiff's State Law Claim

Although Plaintiff fails to plead any state law claims, the Court notes Plaintiff's November 17, 2023 FOIA request to PPD cites the California Public Records Act ("CPRA").  See Cal. Gov't Code §§ 7920.000, *et seq.* (providing a right of access to California state or local agency public records).  Even broadly reading Plaintiff's complaint to include a violation of the CPRA, the Court lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at 1089 (citations omitted).  As previously discussed, no federal question jurisdiction exists in this action because Plaintiff fails to plead a cognizable federal claim against PPD.

District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant

deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). However, no diversity jurisdiction exists in this action because Plaintiff is domiciled in California and PPD is a California entity.

Accordingly, even if Plaintiff could plead a CPRA claim analogous to the FOIA, the Court lacks subject matter jurisdiction.

### C. Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato, 70 F.3d at 1106. Here, Plaintiff cannot state a claim against PPD for violations of 18 U.S.C. § 3102 or the FOIA and the Court lacks subject matter jurisdiction over any analogous state law claims. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, the Court recommends dismissing Plaintiff's complaint without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed with prejudice for failure to state a cognizable claim.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///

1   IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly
2   assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **May 23, 2024**

UNITED STATES MAGISTRATE JUDGE